### No. 28,262.

THE STATE OF KANSAS, *Appellee*, v. J. R. RUTLEDGE, *Appellant.*

(267 Pac. 997.)

Opinion filed June 9, 1928.

*Louis W. Johnson,* of Kansas City, for the appellant.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, *Arthur J. Mellott,* county attorney, and *H. J. Emerson,* deputy county attorney, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant was convicted of exposing and keeping lottery tickets for sale, and appeals.

The first matter presented by the defendant concerns the name under which he was prosecuted. There is no question about his identity. He was informed against as J. R. Rutledge. The complaint filed against and the warrant issued on that complaint named him as J. A. Rutledge. He states in his brief that his Christian name is Joseph. He argues that the information was defective because it set out his initials only instead of his full Christian name.

None of these matters was called to the attention of the trial court in any way. It is too late now. (16 C. J. 409.)

█ The defendant questions the sufficiency of the evidence to sustain the verdict and judgment. In his brief he says:

"It is conceded for the purpose of the argument in this case that the appellee proved that, at the time of the arrest of the appellant, that he had policy paraphernalia in his possession."

There was evidence which tended to prove the defendant with his wife lived at 741 Freeman avenue in Kansas City in Wyandotte county; that the police officers of Kansas City, with a search and seizure warrant, went to that place to raid it; that when the officers went to that place the defendant was not there; that his wife was there; that the officers kicked in the door of the house in order to effect an entrance; that when they entered the house the wife was knocking lottery paraphernalia off the table; that lottery paraphernalia was found scattered over the room; that when the officers got to the place, there was a man and two or three women beside the wife of the defendant present; that three or four minutes after the officers arrived at the house the defendant came into the house; and that the defendant was then arrested and searched and lottery tickets and paraphernalia were found on him. The only reasonable inference that could be drawn from these facts was that the defendant had the tickets, etc., for sale and was selling them.

The judgment is affirmed.